**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SPECTRUM DIAMONDS I CORPORATION, | § § § | |
| PLAINTIFF, | § § § | |
| VS. | § § § | CIVIL ACTION NUMBER _____ |
| MARK SILVERSTEIN IMAGINES, LLC | § § § | |
| DEFENDANT. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Spectrum Diamonds I Corporation ("Spectrum"), by and through its attorneys, files this its Original Complaint Mark Silverstein Imagines, LLC ("MSI") and in support thereof respectfully states as follows:

**I.
PARTIES**

1. Spectrum is a Texas corporation with its principal place of business in Plano, Texas.

2. Defendant MSI is a California limited liability company with its principal place of business in California.

**II.
JURISDICTION AND VENUE**

3. This is an action for declaratory judgment arising under the United States Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and (ii) 28 U.S.C. §§ 2201

and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because MSI is subject to the personal jurisdiction of this Court in this district. In addition, a substantial part of the events giving rise to Spectrum's claims has occurred and will continue to occur in this district.

### III.
### GENERAL ALLEGATIONS

5. Spectrum has been in the business of sales of jewelry to consumers since 1987.

6. In October, 2013, Mark Silverstein, on behalf of his company MSI, MSI sent a series of emails in the nature of a "cease and desist" demand to Spectrum (which emails are collectively referred to herein as the "2013 Letter"). A true, accurate, and complete copy of the 2013 Letter is attached hereto as Exhibit "A."

7. In the 2013 Letter, MSI alleged that a certain ring sold by Spectrum infringed on an alleged copyright of MSI, VA-1-849-954 regarding a ring that MSI refers to as the "Gossamer 2036."

8. The 2013 Letter threatened litigation if Spectrum did not cease and desist selling allegedly infringing rings.

9. According to the MSI's alleged Copyright Registration VA-1-849-954, the MSI Gossamer 2036 was created in 2005.

10. Spectrum first sold the allegedly infringing design (Sylvie Style No. SY811-TT) in September, 2012.

11. The date of the alleged Copyright Registration is December 7, 2012.

12. Upon information and belief, numerous other jewelers have sold rings similar to

Gossamer 2036 prior to 2005.

13. Upon information and belief, numerous other jewelers have sold rings similar to Gossamer 2036 prior to 2012.

14. Upon information and belief, numerous other jewelers have sold rings similar to Gossamer 2036 prior to 2013.

15. The Gossamer 2036 is insufficiently unique as to be entitled to copyright protection.

16. The Spectrum ring that is the subject of the 2013 Letter differs from the Gossamer 2036 in numerous ways.

17. Spectrum made numerous efforts to amicably resolve the issues raised by MSI in the 2013 Letter. Spectrum, through prior legal counsel, further responded formally to the 2013 Letter on November 21, 2013, by denying MSI's claims of infringement, advising that Spectrum's jewelry designs are of its own creation without any reference to, or indeed knowledge of, MSI's designs, and providing evidence of numerous third party jewelry designs incorporating the elements of MSI's claimed copyright registration VA-1-849-954. MSI never responded to Spectrum's response to the 2013 Letter, never responded to the November 21, 2013 letter from Spectrum's legal counsel, and Spectrum thus reasonably believed that the matter was resolved.

18. Subsequently, *three years later*, on May 27, 2016, MSI, this time through legal counsel, served another Cease & Desist on Spectrum (the "May 2016 Letter"), this time reasserting the same claims that MSI had asserted against Spectrum in 2013 and also now, *for the first time*, alleging that another one of Spectrum's rings violates MSI's alleged Copyright Registration VA 1-858-731, entitled Gossamer 2077. A true, accurate, and complete copy of

the May 2016 Letter is attached hereto as Exhibit "B."

19. According to copyright registration VA 1-858-731, the MSI Gossamer 2077 was created in 2006.

20. The date of the alleged copyright registration is May 3, 2013.

21. Upon information and belief, numerous other jewelers have sold rings similar to Gossamer 2077 prior to 2005.

22. Upon information and belief, numerous other jewelers have sold rings similar to Gossamer 2077 prior to 2013.

23. Upon information and belief, numerous other jewelers have sold rings similar to Gossamer 2077 prior to 2012.

24. The Gossamer 2077 is insufficiently unique as to be entitled to copyright protection.

25. Spectrum first sold the allegedly infringing design (Sylvie Style No. S1108) in January, 2013.

26. The Spectrum ring that is the subject to the parties' dispute differs from the Gossamer 2077 in numerous ways.

27. Negotiations between the parties subsequent to the May 2016 Letter have not resulted in resolution.

28. Spectrum is in reasonable apprehension of litigation if the issue of its alleged infringement on MSI's alleged copyrights is not resolved.

## IV.
## FIRST CLAIM FOR RELIEF
**(Declaration as to Invalidity of Copyrights)**

29. Spectrum incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

30. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist distribution of Spectrum's products, Spectrum seeks relief from this Court.

31. Spectrum requests an order declaring that the alleged copyright asserted by MSI in the form of the Gossamer 2036 and Gossamer 2077 are invalid and unenforceable for, *inter alia*, the following non-inclusive reasons: (a) an absence of sufficient creativity and originality to be entitled to copyright protection or registration; and (b) the products merely consist of a combination of known elements, components, depictions and/or shapes, all of which are in the public domain, and are not entitled to copyright protection or registration.

## V.
## SECOND CLAIM FOR RELIEF
**(Declaration as to Non-Infringement of Copyrights)**

32. Spectrum incorporates by reference each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

33. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist distribution of the Spectrum's products, Spectrum seeks relief from this Court.

34. An actual controversy exists between Spectrum and MSI with respect to MSI's claim that the Spectrum rings infringe on MSI's copyrights.

35. A declaration of rights will clarify the legal rights of the parties.

36. Spectrum is entitled to a declaration that the rings it sells do not infringe on any copyright regarding "Gossamer 2036" or "Gossamer 2077."

WHEREFORE, Spectrum respectfully requests that this Court enter a declaratory judgment in its favor and against Mark Silverstein Imagines, LLC that MSI does not have a copyrightable work in Gossamer 2036 and Gossamer 2077, that Spectrum's rings do not infringe on MSI's alleged copyrights, and such other and further relief as the Court deems just and proper.

DATED this 21st day of July, 2016.

By: _s/ Cami Dawson Boyd_
Cami Dawson Boyd
Cami Boyd Law PLLC
211 N. Ervay
17th Floor
Dallas, Texas 75201
Telephone: (214) 624-9804
Fax: (214) 602-1864
cboyd@camiboydlaw.com

ATTORNEY FOR PLAINTIFF

Address of Plaintiff:

Mark Silverstein Imagines, LLC
23161 Ventura Blvd.
Suite 203
Woodland Hills, California   91364